IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ARETHA A. McADOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-00572-SRB |
| | ) | |
| EMBRACE LIVING COMMUNITIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendants Bethel Area Housing South's and Bethel Area Housing, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff's Petition for Damages. (Doc. #8.) For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

This action arises from Aretha A. McAdoo's ("Plaintiff") termination from her job by her former employer Embrace Living Communities ("Embrace Living").

Plaintiff filed her four-count Petition against Defendants for race and color discrimination, retaliation, and hostile work environment in violation of Title VII under 42 U.S.C. § 2000e et seq., and Mo. Rev. Stat. § 213.010 et seq. of the Missouri Human Rights Act ("MHRA"). Plaintiff seeks relief against Defendants for race and color discrimination she allegedly endured with her employment with Defendants and the alleged unlawful termination she suffered as a result of the same discrimination. Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). In her Charge, Plaintiff named Embrace Living as the entity responsible for the discrimination. Plaintiff did not name Bethel Area Housing South nor Bethel Area Housing, Inc. in the Charge. The EEOC

issued to Plaintiff a Notice of Right to Sue. Defendants bring the instant motion to dismiss Plaintiff's Petition for failure to exhaust administrative remedies. Plaintiff opposes the motion. The parties' arguments are addressed below.

## II.  LEGAL STANDARD

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted). The Court must consider all factual allegations in the complaint as true. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III.  DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust her administrative remedies by not including their names on the Charge. Plaintiff contends that she did properly exhaust her administrative remedies because Embrace Living and Defendants are heavily interrelated.

Before filing a lawsuit under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). A party must also timely file an administrative complaint with the Missouri Commission on Human Rights and receive a right to sue letter before filing a lawsuit under the MHRA. *Id*. Exhaustion of administrative remedies entitling a claimant to bring a cause of

2

action, under both statutes, "requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Id*. "As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985).

Exceptions to this rule have been recognized, however, when "substantial identity" exists between the parties before the EEOC and the trial court. *Id*. For Title VII, the Eighth Circuit has held that separate entities could be consolidated for purposes of determining the identity of the employer pursuant to the standards promulgated by the National Labor Relations Board. *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir. 1977). Those standards being (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Id.*

For the MHRA, the Missouri Supreme Court[1] established a four factor "substantial identity of interests" test to determine whether an individual defendant would suffer impermissible prejudice due to the complaining employee's failure to add him to the administrative charge. *Wiedner v. Ferrellgas, Inc.*, 607 S.W.3d 231, 239 (Mo. Ct. App. 2020). The factors to be balanced include: 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the administrative charge; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the administrative proceeding; 3) whether its absence from the administrative proceedings resulted in actual prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in some way represented to the

---

[1] *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-70 (Mo. banc 2009)

complainant that its relationship with the complainant is to be through the named party. *Id*.

Here, the Court finds Plaintiff did exhaust her administrative remedies. Defendants correctly mention in their reply brief that Plaintiff "did not name Bethel Area Housing South or Bethel Area Housing, Inc in the Charge of Discrimination." (Doc. #13, p. 4.) However, the Court finds that under the circumstances, the interests of Embrace Living are so similar as Bethel Area Housing South and Bethel Area Housing that it would be unnecessary to include them both in the Charge.

The evidence points to interrelation.[2] For example, Mr. Ralph Gaines is listed as President of both Defendants while also being shown as CEO of Embrace Living. Further, Sherice Anderson, who was referenced in the Charge and listed as a Supervisor for Embrace Living (Doc. #12-2, p. 3), has signed her name as a Registered Agent for both Defendants. Additionally, the address of both Defendants on their formal government documentation with the state of Missouri is the same "4100 N Brighton Ave" address Plaintiff listed for Embrace Living on the Charge filed with the EEOC. The invitation to participate in mediation was sent to this address, which put Defendants and Embrace Living on notice of the pending suit. This documentation shows a close relationship amongst the various entities.

Based on the documentation from the state government and materials provided by the Defendants, the record adequately show that the operations are interrelated, the companies share common management, and there is a centralized control of labor relations. While it is unclear the extent to which the companies share common ownership and financial control, the other

---

[2] Though the analysis of a motion to dismiss is confined to the face of a complaint or petition, materials outside the pleadings may be considered to determine exhaustion. Failure to exhaust is not clear on the face of the complaint simply because it is not discussed or definitively established in the complaint. See *Rodd v. Crandall*, et al., No. 19-CV-2172, 2021 WL 3741606, at *3 (D. Minn. Aug. 24, 2021) ("Here, [the] pleading does not mention exhaustion one way or the other, and it would be incorrect to find the absence of exhaustion from the absence of allegations concerning exhaustion, at least when [Plaintiff] had no burden to plead it."

factors weigh heavily for the proposition that these separate entities should be considered as one for the purposes of the Charge. When viewed through the test set out by the Missouri Supreme Court, it is not clear whether the role of the unnamed Defendants could be ascertained at the time of the filing of the Charge. However, considering notice was sent to the address which Defendants share, actual prejudice to the unnamed parties did not manifest. Further, based on the various documents presented, the interests of the named and unnamed parties appear to be quite similar. Plus, considering the close relationship in terms of structure and control that all Defendants share, the unnamed Defendants effectively represented that their relationship to Plaintiff should be viewed through Embrace Living—the named party. As a result, the Court finds Plaintiff did exhaust her administrative remedies when she filed her Charge despite only listing Embrace Living.

## IV. CONCLUSION

For the reasons stated above, Defendants Bethel Area Housing South's and Bethel Area Housing, Inc.'s Motion to Dismiss Plaintiff's Petition for Damages Motion to Dismiss (Doc. #8) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2022